UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JILALI TABET,

    Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

    Respondent.

NO. C12-516-RSM-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Jilali Tabet has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration custody and seeking either supervised released or an individualized bond hearing. Dkt. No. 6. For the reasons set forth below, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this case be DISMISSED with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Morocco who was admitted to the United States on or about June 23, 1994, as a nonimmigrant visitor with authorization to remain in the country for a temporary period not to exceed one year. Administrative Record ("AR") at L58. Petitioner remained in the United States beyond June 22, 1995, without authorization. *Id*.

REPORT AND RECOMMENDATION - 1

Petitioner came to the attention of Immigration and Customs Enforcement ("ICE") officials while he was incarcerated at the Santa Clara County Jail in San Jose, California, for the offense of battery. AR at R201. ICE issued a Warrant for Arrest of Alien and a Notice to Appear, charging petitioner as removable from the United States for having remained in the United States for a time longer than permitted. AR at L57-58, L31.

On January 24, 2011, an Immigration Judge ("IJ") denied petitioner's applications for relief and ordered him removed to Morocco. AR at L87, L97-100. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision without opinion on July 5, 2011. AR at L131A. Petitioner filed a petition for review and motion for stay of deportation with the United States Court of Appeals for the Ninth Circuit. AR at L132-35. Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), a temporary stay automatically issued. *Tabet v. Holder*, No. 11-72062 (9th Cir. 2011).

While his petition for review was pending, petitioner filed a motion for a change in custody status with the Immigration Court. On August 23, 2011, the IJ granted petitioner's request and ordered that he be released on $20,000 bond. AR at L145. Petitioner reserved appeal but never filed a notice of appeal with the BIA. Instead, on August 26, 2011, petitioner moved for redetermination of his custody status. AR at L146-49. On September 6, 2011, the IJ denied petitioner's motion, finding that petitioner had failed to show changed circumstances since the hearing on August 23, 2011. AR at L157.

On September 14, 2011, petitioner filed a motion to reopen with the BIA, based on his intent to apply for asylum. AR at L206-07. On September 14, 2011 and on November 20, 2011, petitioner filed applications for asylum and withholding of removal based on his sexual orientation. AR at L160-71, L32-43.

On January 9, 2012, petitioner moved again for redetermination of his custody status. AR at L179. On February 21, 2012, the IJ denied petitioner's motion, ordering that bond remain at $20,000. AR at L204. Petitioner reserved appeal but never filed a notice of appeal with the BIA. On March 12, 2012, the Ninth Circuit dismissed petitioner's petition for review, and the mandate issued on May 4, 2012, lifting the temporary stay of removal. *See Tabet*, No. 11-72062.

### III. DISCUSSION

Title 28 U.S.C. § 2241(c)(3) authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003). "Even where detention is permissible, however, due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Casas-Castrillon v. DHS*, 535 F.3d 942, 950 (9th Cir. 2008) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)).

When an alien's removal has been stayed pending judicial review of the order of removal, the alien is detained pursuant to the Attorney General's discretionary authority under 8 U.S.C. § 1226(a). *Casas-Castrillon*, 535 F.3d at 951; *Prieto-Romero v. Clark*, 534 F.3d 1053, 1065-66 (9th Cir. 2008). Procedural due process requires that such aliens be afforded an individualized bond hearing before an immigration judge, at which the government bears the burden to prove by clear and convincing evidence that the alien is a flight risk or a danger to the community to justify denial of bond. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). In the present case, all of these requirements were met. Because petitioner's bond hearing provided

petitioner with the sole remedy to which he was entitled, his request for habeas relief must be denied. *See Casas-Castrillon*, 535 F.3d at 951; *Prieto-Romero*, 534 F.3d at 1067.

Petitioner asks this Court to direct the Immigration Judge to reduce his bond amount. Dkts. 6 and 6. Title 8 U.S.C. § 1226(e), however, does not permit the Court to review the IJ's discretionary judgment regarding the reasonableness of the bond amount, even if petitioner cannot afford to pay it. *Prieto-Romero*, 534 F.3d at 1067. That provision provides: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Thus, the Court lacks jurisdiction to consider the merits of petitioner's claim.

Moreover, petitioner's petition for review was dismissed on March 12, 2012, and the mandate terminating his petition for review issued on May 4, 2012. Petitioner is, therefore, subject to mandatory detention during the 90-day removal period, which commenced when the Ninth Circuit issued its mandate. *See* 8 U.S.C. § 1231(a)(1)(B)(ii). Because petitioner's detention is mandatory during the 90-day removal period, he is not entitled to habeas relief. *Khotesouvan v. Morones*, 386 F.3d 1298, 1299-1300 (9th Cir. 2004).

//
//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DENIED, and this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 29th day of June, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5